## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cr-00179-TWP-TAB-1 |
| | ) |
| JACKIE JAMES, | ) |
| | ) |
| Defendant. | ) |

### ORDER DENYING COMPASSIONATE RELEASE

Pending before the Court is Jackie James' ("Mr. James") Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). (Dkt. 211.) Mr. James seeks immediate release from incarceration. *Id.* Because Mr. James has not shown extraordinary and compelling reasons for a sentence reduction, his motion is **denied.**

### I. BACKGROUND

In December 2018, the Court sentenced Mr. James to 32 months' imprisonment after he pled guilty to attempted robbery in violation of 18 U.S.C. § 1951(a). (Dkts. 180, 181.) Judgment was entered on December 11, 2018. (Dkt. 181.)

On June 3, 2020, Mr. James filed a *pro se* motion that the Court construed as a motion asking the Court to appoint counsel to represent him so that he could file a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 207.) The Court concluded that Mr. James had not provided sufficient information to determine whether it should appoint counsel and denied the motion without prejudice. (Dkt. 208.) The Court instructed Mr. James that he could file a renewed motion providing more detail or file a *pro se* motion for compassionate release. *Id.* On June 24, 2020, Mr. James filed another *pro se* motion asking the Court to appoint

counsel to represent him so that he could file a motion for compassionate release. (Dkt. 209.) Again, the Court denied the motion without prejudice because Mr. James had not provided any information about why he might be entitled to compassionate release. (Dkt. 210.) The Court informed Mr. James that he could file a renewed motion by completing and returning the Court's form compassionate release motion. *Id.*

On July 13, 2020, Mr. James submitted a renewed *pro se* motion by completing and returning the Court's form compassionate release motion. (Dkt. 211.) The Government responded on July 27, 2020, (Dkt. 213), and Mr. James filed a *pro se* reply on September 2, 2020, (Dkt. 216).

## II.  DISCUSSION

Mr. James is 23 years old. He is presently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). As of September 3, 2020, the Bureau of Prisons ("BOP") reports that FMC Lexington has one active COVID-19 case among inmates, although it reports that 212 inmates have recovered from COVID-19 and that 8 inmates have died from COVID-19. https://www.bop.gov/coronavirus/ (last visited Sept. 3, 2020). According to the BOP website, Mr. James' release date is February 8, 2021. In his July 13, 2020 Motion, Mr. James reported that he had served 20 months of a 32 month sentence and that his halfway house date is November 10, 2020. (Dkt. 211 at 5.)

In his July 13, 2020 Motion, Mr. James states that he is seeking release because of the COVID-19 pandemic. (Dkt. 211 at 2.) He states that FMC Lexington is the "2nd worst facility in the entire BOP for COVID-19 infections and inmate deaths" and that the virus is now "affecting people most between the ages of 18 to 34." *Id.* at 4. He does not, however, base his motion on any medical diagnosis of his own, *id.* at 5 (leaving blank a question where he was asked to list any medical diagnoses that are the basis of his motion), and the record includes no information

suggesting that Mr. James has a condition that would put him at risk of developing severe symptoms if he were to contract COVID-19, *see* Dkt. 174 at 9 (November 2018 Presentence Investigation Report stating that Mr. James has no health concerns and is not taking any prescription medication).

The Government opposes the Motion and contends that Mr. James has not demonstrated an extraordinary and compelling reason warranting a sentence reduction, he poses a danger to the community, and the sentencing factors in 18 U.S.C. § 3553(a) weigh against his release. (Dkt. 213.) The Government notes the violent nature of the offense which included an armed attempted robbery of a Verizon cell phone store in Indianapolis, Indiana. Mr. James, Arieon Lofton, and Tyree Hopkins entered the store in an attempt to commit a robbery and Mr. James was carrying a firearm. (Dkt. 174 at 5.) Officers responded to the robbery and attempted to stop a Pontiac Torrent that Mr. James and his co-defendants were occupying after the attempted robbery, a vehicle pursuit ensued until the vehicle crashed and Mr. James was eventually apprehended and a firearm that he had thrown from the vehicle was recovered. *Id*.

18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . and
> that such a reduction is consistent with applicable policy statements issued by the
> Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[1] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. James is "a danger to the safety of any other person or to the

---

[1] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[2]

---

[2] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. James' Motion is due to be denied even if the Court assumes that the policy statement is not binding and that is has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

Mr. James does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. *See* Dkt. 211 at 2. Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. While the Court sympathizes with Mr. James' fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Jackson*, 1:18-cr-00314-RLY-MJD-01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (denying motion for compassionate release where defendant incarcerated at FMC Lexington was not at increased risk of developing severe symptoms if he contracted COVID-19); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Likewise, while many people between the ages of 18 and 34 may have contracted the virus, they represent a small fraction of COVID-19-related hospitalizations, and the CDC (Centers for Disease Control and Prevention) has not indicated that people as young as Mr. James are at an increased risk for suffering severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Sept. 3, 2020) (noting, "As you get older, your risk of being hospitalized for COVID-19 increases . . . . In fact, 8 out of 19 COVID-19-related deaths reported in the United States have been among adults aged 65 years and older.").

This Court has consistently denied motions for compassionate release from defendants— like Mr. James—who are not at an increased risk of developing severe symptoms if they contract COVID-19, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases). Mr. James

is not incarcerated in a current hotspot for COVID-19 infections, making his case even less extraordinary and compelling than those in which the Court has denied relief.

Given the Court's determination that Mr. James has not shown extraordinary and compelling reasons to justify his release, it need not decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

### III.  CONCLUSION

If Mr. James' calculations are accurate, he will be released from FMC Lexington for halfway house placement very soon, on November 10, 2020.  However, because he has not shown any extraordinary and compelling reasons to justify his release, the Court has no bases to grant him Compassionate Release.  For the reasons stated above, Mr. James' Motion for Compassionate Release, (Dkt. [211]), is **DENIED**.

**SO ORDERED.**

Date:  9/10/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jackie James, #15962-028
FEDERAL MEDICAL CENTER
P.O. Box 14500
Lexington, Kentucky  40512-4500

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov